# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAFAYETTE DIVISION

| | |
|---|---|
| **PERRY LEO SIMMS** | **CIVIL ACTION NO. 06-1026** |
| **VS.** | **SECTION P** |
| **EARL TAYLOR** | **JUDGE MELANÇON** |
| | **MAGISTRATE JUDGE METHVIN** |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* on June 19, 2006 by *pro se* plaintiff Perry Leo Simms. Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at the Louisiana State Penitentiary, Angola, where he is serving a life sentence imposed following his second degree murder conviction in the 1980s in the Twenty-Seventh Judicial District Court, St. Landry Parish. Plaintiff claims that he is entitled to certain documents from the court records. He named Twenty-Seventh Judicial District Attorney Earl Taylor as his sole defendant and he seeks declaratory and injunctive relief and punitive damages of $1000.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.  For the following reasons, it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

### *Background*

On February 17, 2003 plaintiff filed a motion pursuant to La. C.Cr.P. art. 822(B) in the Twenty-Seventh Judicial District Court seeking discovery of certain records relative to his

prosecution, trial and conviction. According to plaintiff, he requested public records located in the District Attorney's case file.

On February 24, 2003 the trial court granted plaintiff's motion and advised plaintiff to make a list of the particular documents he was seeking.  On March 5, 2003 plaintiff submitted a list of documents to the District Attorney. He requested copies of

1. The trial court's written reasons for judgment dated August 1 -2, 1988;
2. Plaintiff's waiver of rights form executed August 1, 1987;
3. Bill of Particulars;
4. Coroner's autopsy report dated August 2 -3, 1987;
5. Copy of the Police Supplemental Report;
6. Reports of the Sanity Commission dated October 15 and 19, 1987;
7. The Motion for Discovery filed on behalf of plaintiff;
8. A copy of plaintiff's "master docket sheet" in the case docketed as 87-0525-A.

On March 10, 2003, the District Attorney informed plaintiff that the cost for preparing copies of the above documents would be $22.  On April 16, 2003 plaintiff tendered payment in that amount. Plaintiff claims that he did not receive the requested documents and filed a motion in the district court. On August 1, 2003 the court convened a hearing and, at its conclusion directed the defendant to send the requested documents to the defendant. On August 19, 2003 the defendant forwarded documents to the plaintiff, however, plaintiff maintains that the documents were not the ones he requested.

On June 8, 2004 plaintiff filed another motion with the trial court seeking production of documents. On June 15, 2004 the trial court denied the motion.  On July 22, 2004 plaintiff appealed the denial of his motion to Louisiana's Third Circuit Court of Appeals. On some unspecified date the Third Circuit remanded the matter to the trial court with instructions to determine whether or not the defendant had complied with the previous order to produce

documents.   On November 9, 2004 the trial court ruled that the defendant had complied with the order by sending the requested documents.

Plaintiff contends that he has still not received the documents requested.  He claims that the defendant is seeking to inhibit plaintiff's right to seek post-conviction relief.  He claims that the defendant is – (1) interfering with plaintiff's First Amendment right of access to the courts; (2) violating plaintiff's Fourteenth Amendment right to equal protection; (3) in violation of Louisiana's Public Records Law, La. R.S.44:1 et seq.; and, in violation of the "state law of negligence."

### *Law and Analysis*

### *1. Frivolity Review*

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous,  malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990). A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), but are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994). A complaint may not be dismissed under § 1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." *Jolly v. Klein*, 923 F.Supp. 931, 942-43 (S.D.Tex.1996).

A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

## 2. Limitations

The district court is authorized to dismiss a claim as frivolous "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period *sua sponte*. See *Harris v. Hegmann,* 198 F.3d 153 (5th Cir. 1999).

The Supreme Court has held that the statute of limitations for a §1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1984). However, the date of accrual for a § 1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51

F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986).

Plaintiff complains that he paid for court documents on April 16, 2003, however, he has yet to receive the documents. He litigated this claim in the Twenty-Seventh Judicial District Court and on November 9, 2004 that court ruled adversely to the plaintiff. Therefore, for the purposes of this Report, the undersigned concludes that plaintiff's claim accrued, at the latest, on November 9, 2004 when the Twenty-Seventh Judicial District Court ruled against him.

The Fifth Circuit has approved application of Louisiana's one-year personal injury statute of limitations provided by La. Civ.Code Ann. art 3492 in a § 1983 action. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980). Since plaintiff's claims accrued on November 9, 2004, he had one year, or until November 9, 2005 to file his federal suit. Plaintiff's federal suit was filed in June 2006, and it is therefore clearly untimely.

To the extent that plaintiff may maintain that his claim accrued on some date subsequent to November 9, 2004, such a claim is clearly without a basis in fact or law. Federal law is clear: "... the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516, quoting *Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981). The plaintiff's knowledge of the injury depends on two elements: (1) the existence of the injury; and (2) the connection between the injury and the defendant's actions. See *Piotrowski*, 51 F.3d at 516. A plaintiff need not realize that a legal cause of action exists but only that the facts support a claim. See, *Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983). Here, plaintiff was aware of his injury when the Twenty-Seventh Judicial District Court ruled adversely to his claim; he was also aware of the

existence of a legal cause of action on that date. Thus, to the extent that plaintiff seeks redress under §1983 for the alleged violations of his constitutional rights those claims are clearly prescribed and dismissal on that basis is recommended.

Accordingly

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as time-barred and therefore frivolous pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on July 11, 2006.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)